1  **RESNICK & LOUIS, P.C.**
   RANDALL TINDALL
2  Nevada Bar No. 6522
   MATTHEW B. BECKSTEAD
3  Nevada Bar No. 14168
   8945 West Russell Road, Suite 330
4  Las Vegas, NV  89148
   Telephone: (702) 997-3800
5  Facsimile: (702) 997-3800
   rtindall@rlattorneys.com
6  mbeckstead@rlattorneys.com
   *Attorneys for Plaintiff,*
7  *United States Liability Ins. Co.*

8

   **SACRO & WALKER, LLP**
9  JENNIFER YU SACRO
   California Bar No. 208988
10 (Pro hac vice)
   RICHARD D. BREMER
11 California Bar No. 199019
   (Pro hac vice)
12 700 North Brand Boulevard, Suite 610
   Glendale, CA 91203
13 Telephone: (818) 721-9597
   rbremer@sacrowalker.com
14 jsacro@sacrowalker.com
   *Attorneys for Plaintiff,*
15 *United States Liability Ins. Co.*

16

17                      **UNITED STATES DISTRICT COURT**

18                              **DISTRICT OF NEVADA**

19

20 | UNITED STATES LIABILITY INSURANCE COMPANY, a Nebraska corporation, | CASE NO.: 3:25-cv-00261-ART-CLB |

21 

22 Plaintiff,                                     **ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE OF PROCESS**

23 v.

                                                  **(First Request)**
24 HEDIZ, LLC, a Nevada limited liability
   company; HECTOR DIAZ, an
25 individual; and DOES 1-10, inclusive,

26              Defendants.

27

28

                                    1

1  Plaintiff UNITED STATES LIABILITY INSURANCE COMPANY, by and
2  hereby moves this Honorable Court for an order extending the deadline to serve
3  process in this case by ninety days.
4  This motion is based upon the pleadings and other papers on file in this
5  action, the memorandum of points and authorities below, and any oral argument
6  this Honorable Court wishes to consider.
7  Dated this 18th day of August 2025.

8  **RESNICK & LOUIS, P.C.**

9  */s/ Matthew B. Beckstead*
10  RANDALL TINDALL
   Nevada Bar No. 6522
11  MATTHEW B. BECKSTEAD
   Nevada Bar No. 14168
12  8945 West Russell Road, Suite 330
   Las Vegas, NV  89148
13  Telephone: (702) 997-3800
   Facsimile: (702) 997-3800
14  rtindall@rlattorneys.com
   mbeckstead@rlattorneys.com
15  *Attorneys for Plaintiff,*
   *United States Liability Ins. Co.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff moves this Court for an exercise of its broad discretion to allow additional time for service of process under Rule 4(m).

Due to a miscommunication between California and Nevada counsel for Plaintiff, each thought the other was handling the issuance of a summons and the service of the complaint. It was only as the service deadline approached did counsel realize that the complaint had not been sent out for service.

Additional time is also warranted because Defendants have been stonewalling Plaintiff for more than a year, failing to cooperate with Plaintiff's investigation of the incident at issue in the underlying litigation.[1] Plaintiff may need to seek leave to serve via publication should they be unable to personally serve Defendants. Accordingly, Plaintiff seeks an extension of ninety days to serve process.

## II. LEGAL STANDARD

Rule 4(m) authorizes a motion to extend the deadline to serve process upon a defendant, and it "also 'requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause.'"[2] "'Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect' and may be supported by a further showing that [among other things] 'the defendant would suffer no prejudice.'"[3] District courts "'have broad discretion to extend time for service' and should 'consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"[4]

///

---

[1] *See generally* Complaint [ECF No. 1].
[2] *See* Fed. R. Civ. P. 4(m); *Williams v. Bellagio Hotel & Casino*, 728 F. Supp. 3d 1166, 1169-70 (D. Nev. Apr. 1, 2024) (quoting *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996))).
[3] *Williams*, 728 F. Supp. 3d at 1170 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).
[4] *Id.* (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Traxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998))).

## III. LEGAL ANALYSIS

This Court is fully empowered to grant this motion to extend the Rule 4(m) deadline to serve Defendants with process in this action because good cause exists to do so. Furthermore, doing so would promote judicial efficiency.

Due to an unfortunate miscommunication between Plaintiff's counsel, Plaintiff has not yet attempted to serve Defendants. As noted in the accompanying declarations, each of USLI's counsel believed that the other had taken the lead in effecting service.[5] Courts have broad discretion to extent the time period for service under the discretionary component of Rule 4(m)[6], and have specifically extended the Rule 4 deadline where the failure to timely serve a complaint is due to excusable neglect.[7] In determining the existence of excusable neglect, courts utilize a four factor framework to guide their discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[8]

These factors weigh in favor of extending the time for service. There would be no prejudice to Defendants because this is a declaratory relief action relating to an ongoing underlying action. Should the Court dismiss this case without prejudice, Plaintiff could and would simply refile its complaint. Plaintiff submits that granting an extension to allow more time for service is also appropriate under Rule 4(m) and serves the policy interests set forth in Rule 1, which provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's ability to re-file its complaint following any dismissal without prejudice for failure to timely serve process shows that Defendants will not

---

[5] See the Declarations of Matthew B. Beckstead and Richard D. Bremer filed concurrently herewith.
[6] *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).
[7] See *Feaker v. Trans Union, LLC*, 2025 WL 1249135 (D. Nev. 2025); see also Rule 60(b) (allowing the court to relieve a party from an order due to excusable neglect).
[8] *Feaker v. Trans Union, LLC, supra*, 2025 WL 1249135 at *1; see also *Lemoge v. United States, supra*, 587 F.3d 1188 (applying this four-factor framework for analysis of excusable neglect under Rule 60(b)(1)).

1  suffer any prejudice from an extended service deadline. For this same reason, the
2  second factor is met, as it is in the interests of judicial economy to extend the time for
3  service rather than having Plaintiff initiate a new action. Furthermore, Plaintiff
4  acted in good faith, and the delay is the result of an honest mistake pursuant to which
5  each counsel believed that the complaint was in the process of being served.

6  Additionally, Defendants expect to be able to serve Defendants within the
7  extended deadline for service requested in this motion. Plaintiff expects to
8  be effectuate personal service upon each defendant or, alternatively, to sett the
9  stage to serve process by publication if its diligent effort to locate and serve fails to
10 result in personal service. Although Defendants have proven difficult to contact,[9]
11 Plaintiff fully expects to serve Defendants with process one way or another,
12 favoring an extension of time to effectuate service.

### IV.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests an extension of ninety days to effectuate service of process via personal service or, alternatively, via publication.

Dated this 18th day of August 2025.

**RESNICK & LOUIS, P.C.**

*/s/ Matthew B. Beckstead*

RANDALL TINDALL
Nevada Bar No. 6522
MATTHEW B. BECKSTEAD
Nevada Bar No. 14168
8945 West Russell Road, Suite 330
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
rtindall@rlattorneys.com
mbeckstead@rlattorneys.com
*Attorneys for Plaintiff,*
*United States Liability Ins. Co.*

IT IS SO ORDERED.
Dated: August 19, 2025

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] See Complaint [ECF No. 1] at ¶¶ 13-22.