UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. LIABILITY INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>HEDIZ, LLC, *and* HECTOR DIAZ,<br><br>Defendants. | Case No. 3:25-CV-00261-ART-CLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERIVCE OF PROCESS AND AUTHORIZE ALTERNATIVE SERVICE**<br><br>[ECF No. 19] |

Before the Court is Plaintiff United States Liability Insurance Co.'s ("U.S. Liability") motion for extension of time and for service of process by alternate means. (ECF No. 19.) The motion concerns U.S. Liability's unsuccessful efforts to locate and serve Defendant Hector Diaz ("Diaz"). (*Id.*) For the reasons discussed below, the Court grants U.S. Liability's motion is granted as to both the request to extend time for service of process and for service by alternate means.

**I.    EXTENSION OF TIME**

Federal Rule of Civil Procedure 4(m) provides that plaintiff must serve defendant "within 90 days after the complaint is filed." Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512. The Court's discretion at the second step is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause

means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

At step one, the Court finds that U.S. Liability has shown good cause for defective service. U.S. Liability provides evidence that they have attempted service upon Diaz on multiple occasions and at multiple locations. (ECF Nos. 19-1, 19-2, 19-3, 19-4.) U.S. Liability employed a third-party process service provider, Nationwide, to identify a current location for Diaz and to serve process upon him. (*Id.*) After multiple unsuccessful service attempts, Nationwide performed a "skip trace investigation" which looked into an expansive number of public records, including: utility records, social media accounts, phone records, employers, real property, professional license records, among others. (ECF No. 19-3.) The search also included investigating neighbors and relatives. (*Id.*) However, Diaz was not located at the must up to date address identified in the search. (ECF No. 19-4 at 2.)

Based on the efforts exerted to find and serve Diaz, U.S. Liability meets the standard for good cause and therefore the Court grants their request for extension of time. Therefore, the deadline to serve Diaz is extended to **Wednesday, December 17, 2025**.

## II.    SERVICE BY ALTERNATE MEANS

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id*.

Federal Rule of Civil Procedure 4(e) governs service of individuals located within a judicial district of the United States. Fed. R. Civ. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service "through any alternative service method" if the movant can: (1) demonstrate "that the service methods

provided in [NRCP] 4.2, 4.3, and 4.4(a) are impracticable"; (2) provide evidence demonstrating that the movant exercised due diligence to locate and serve the defendant; (3) provide evidence of the defendant's known or last-known contact information, "including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant"; and (4) state why the proposed service method comports with due process. NRCP 4.4(b).

Regarding the first prong, NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. *See* NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). Further, NRCP 4.3 governs service of individuals located outside Nevada or outside the United States, and NRCP 4.4(a) governs service in a manner prescribed by statute. NRCP 4.3; NRCP 4.4(a).

As discussed above, U.S. Liability provides evidence that they undertook extensive efforts to locate Diaz to serve him personally. However, even after a thorough investigation into his records were made, attempts to serve him personally at the location identified was unsuccessful. (ECF Nos. 19-3, 19-4.) This report also includes Diaz's most recent address, prior known address, phone number, and other identifying information such as his date of birth and truncated social security number were redacted from the report before submitting to the Court. (ECF No. 19-3 at 3.)

U.S. Liability proposes service by posting a copy of the summons and complaint at 840 Singingwood Drive, Reno NV 89509, and delivery via certified mail to this address and to prior known address, 6140 North Deer Meadows Court, Reno, NV 89519. (ECF No. 19 at 5-7, 10.) U.S. Liability points to a case discussing this method of service from the Court of Appeals of Arizona, as NRCP 4.4 was explicitly modeled after the Arizona Rules of Civil Procedure. *See* Nev. R. Civ. P. 4.4 Advisory Committee Notes (2019) ("Modeled on Rule 4.1(k) of the Arizona Rules of Civil Procedure, Rule 4.4(b) is new and

authorizes the court to fashion a method of service consistent with due process when no other available service method remains besides publication, which should only be used as a last resort."). In *Montano v. Luff*, the court found alternate service was properly effectuated where complaint was posted on the front door of the person's property and sent by certified mail. 480 P.3d 669, 672 (Ariz. Ct. App. 2020). Consequently, U.S. Liability has shown how their proposed alternate method of service comports with due process.

Therefore, the Court grants the request for alternate service and U.S. Liability is ordered to serve Diaz by posting a copy of the summons and complaint at 840 Singingwood Drive, Reno NV 89509, and deliver the same via certified mail to this address and to Diaz's prior known address, 6140 North Deer Meadows Court, Reno, NV 89519.

Finally, U.S. Liability is directed to provide proof of service within 30 days after delivery of the letter by certified mail and the posting of the complaint and summons as required by NRCP 4.4(b)(4).

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the deadline to serve Defendant Diaz is extended until **Wednesday, December 17, 2025**.

**IT IS FURTHER ORDERED** that U.S. Liability shall serve Defendant Diaz by posting a copy of the summons and complaint at 840 Singingwood Drive, Reno NV 89509, and deliver the same via certified mail to this address and to Diaz's prior known address, 6140 North Deer Meadows Court, Reno, NV 89519.

**IT IS FURTHER ORDERED** that U.S. Liability directed to provide proof of service within 30 days after delivery of the letter by certified mail and the posting of the complaint and summons.

**DATED**: November 17, 2025.

UNITED STATES MAGISTRATE JUDGE